UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DONALD A. DOMINIO, SR.** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 09-7348** |
| **ALLSTATE INSURANCE CO.** | **SECTION "L" (3)** |

## ORDER & REASONS

The Court has before it Defendant Allstate Insurance Company's Motion for Summary Judgment (Rec. Doc. 10). Plaintiff filed an opposition (Rec. Doc. 12), Allstate filed a supplemental memorandum (Rec. Doc. 20), and Plaintiff filed a sur-reply (Rec. Doc. 23). The Court has reviewed these materials and the applicable law. For the reasons set forth herein Allstate's Motion is GRANTED in part and DENIED in part.

**I.     Background**

This suit arises out of a claim for insurance benefits under Plaintiff Donald A. Dominio, Sr.'s homeowners policy. Plaintiff owned a house at 1185 Walnut Street in Slidell, Louisiana. The property was insured by Defendant Allstate Insurance Company, which issued an Allstate Deluxe Homeowner's Policy with policy limits of $106,000 for the structure and $74,200 for personal. On February 17, 2009, a fire caused substantial damage to the house and its contents. The fire originated in the kitchen and Plaintiff contends that the fire was caused by a pot of grease left on the stove while Plaintiff and his family traveled to another property in Mississippi owned by Plaintiff. After investigating the damage, Allstate was not able to conclusively determine whether the fire was accidental or deliberate. Therefore, Allstate tendered to Plaintiff the policy limits of $106,000 for structural coverage as well as $5,300 for debris removal.

1

Allstate contends that after payment of the policy limits for structural damage but while the personal property claim remained pending, it received information regarding the claim. A narcotics detective in Mississippi allegedly informed Allstate that a confidential informant had reported that Plaintiff was cultivating marijuana on his Mississippi property and that Plaintiff intentionally left grease on the stove with the intent to burn down the property and collect on the insurance policy. Allstate further contends that the information regarding the marijuana cultivation was subsequently borne out by a search warrant executed on Plaintiff's Mississippi property, which corroborates the informant's report.[1] Allstate has provided evidence suggesting a motive for arson, including testimony that Plaintiff had been having difficulty selling the property. Allstate has also provided testimony which, if true, might support the conclusion that arson occurred, including testimony from neighbors who saw Plaintiff moving furnishings in and out of his property prior to the fire. Finally, Allstate provides the deposition of a neighbor of Plaintiff's who asserts that Plaintiff has confessed to burning down the property deliberately.

However, Allstate did not deny coverage for Plaintiff's personal property claim based on an arson exclusion, nor has Allstate pursued the return of the sums paid for structural damage. Rather, Allstate denied Plaintiff's personal property claim because of allegedly false and misleading statements Plaintiff made regarding his personal property lists and the arson investigation during an examination under oath ("EUO"). Allstate relied on a Concealment or Fraud clause in Plaintiff's policy which provided that "We do not cover any loss or occurrence in which an insured person has concealed or misrepresented any material fact or circumstance."

---

[1] Allstate has attempted to substantiate these facts through an affidavit by an Allstate employee. This evidence suffers from hearsay problems.

Allstate contends that it denied Plaintiff's personal property claim pursuant to this provision because Plaintiff misrepresented his ownership of some items for which he sought coverage, exaggerated the value or existence of other items, and otherwise failed to provide adequate support for his claim.

Plaintiff filed suit in the 22nd Judicial District Court for the Parish of St. Tammany. Allstate removed to this Court.  Allstate has now moved for summary judgment, arguing that on the basis of undisputed facts it is entitled to judgment as a matter of law that Plaintiff's misrepresentations voided the insurance contract and preclude any additional recovery.  In the alternative, Allstate seeks summary judgment that penalties under Louisiana Revised States §§ 22:1892 and 22:1973 are unavailable because, as a matter of law, its refusal to pay Plaintiff's personal property claim was not arbitrary or vexatious.  Plaintiff has responded and contends that he had no intent to misrepresent anything relating to his insurance claim and that Plaintiff attempted to comply with the policy to the best of his ability in light of his partial illiteracy.

**II.      LAW & ANALYSIS**

**A.      Summary Judgment Standard**

A district court can grant a motion for summary judgment only when the "'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56 (c)).  When considering a motion for summary judgment, the district court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).  The court

must find "[a] factual dispute . . . [to be] 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party . . . [and a] fact . . . [to be] 'material' if it might affect the outcome of the suit under the governing substantive law." *Beck v. Somerset Techs., Inc.*, 882 F.2d 993, 996 (5th Cir. 1989) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

"If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995) (citing *Celotex*, 477 U.S. at 322 - 24, and Fed. R. Civ. P. 56(e)).  The mere argued existence of a factual dispute will not defeat an otherwise properly supported motion.  *See Anderson*, 477 U.S. at 248.  "If the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate.  *Id.* at 249 - 50 (citations omitted).

This case is set for a bench trial.  A district court ruling on a motion for summary judgment in a case in which the judge will act as trier of fact "has the limited discretion to decide that the same evidence, presented to him or her as trier of fact in a plenary trial, could not possibly lead to a different result."  *In re Placid Oil Co.*, 932 F.2d 394, 398 (5th Cir 1991). However, that discretion does not extend to deciding witness credibility without the benefit of live testimony: "it makes little sense to forbid the judge from drawing inferences from the evidence submitted on summary judgment when that same judge will act as the trier of fact, *unless those inferences involve issues of witness credibility or disputed material facts*." *Id.* (emphasis added).

**B.     Material Misrepresentation**

4

Allstate has moved for summary judgment on coverage, arguing that it is not obligated to pay under the policy because of Plaintiff's material misrepresentations. An insured's material misrepresentation in connection with an insurance claim may void the policy and relieve the insurer of any obligation to pay:

> The insurer bears the burden of proving the defense of intentional misrepresentation in order to avoid coverage. Misrepresentations in a proof of loss given to an insurer will void coverage under the policy only if the insured knowingly and intentionally makes such misrepresentations with the intent to deceive and defraud the insurer. Fraud will never be presumed from acts which may be accounted for on the basis of honesty and good faith.

*Williams v. United Fire & Cas. Co.*, 594 So.2d 455 (La. App. 1991); *see also Bennett v. Allstate Ins. Co.*, 950 F.2d 1102, 1106 (5th Cir. 1992); La. Rev. Stat. § 22:1315 (2009). Intent may "be inferred from circumstances that create a reasonable assumption that the [insured] was aware of the falsity of his representations." *Mamco, Inc. v. Am. Emp'rs Ins. Co.*, 736 F.2d 187, 190 (5th Cir. 1984).

Allstate argues that in connection with his personal property claim and with the arson investigation, Plaintiff made numerous material misrepresentations with the intent to defraud. First, Allstate contends that Plaintiff intended to inflate the value of his personal property claim by asserting ownership of certain furniture and a refrigerator that were in fact paid for and owned by someone else; by asserting a claim for nonexistent wall furnishings and framed pictures; by asserting without justification that fishing rods and reels were "antiques" to inflate their value; by making a claim for baseball cards and comic books purportedly in the attic of the property, when Plaintiff offered a contradictory statement that there were no such items in the attic; and by asserting a claim for dress clothes, shoes, and jackets which were not supported by sufficient evidence. Further, Allstate argues that Plaintiff gave materially false and misleading statements

regarding his motive to commit arson.  Allstate contends that Plaintiff concealed the existence of problems with the foundation of the property which had interfered with his ability to sell the property.  Allstate also argues that Plaintiff's denial of having set the fire was a further misrepresentation, based on contradictory witness testimony that Plaintiff has confessed to having set the fire deliberately.

Plaintiff opposes summary judgment by arguing that he made no misrepresentations with the requisite intent to defraud.  Plaintiff's counsel assert that Plaintiff is illiterate and not intelligent.  Plaintiff asserts that he prepared his list of damaged personal property to the best of his ability and recollection with the assistance of a staff member from his attorney's office.  Accordingly, Plaintiff relies on the answers he gave at his EUO and his assertion that "After Katrina and things, my life was in such a chaos.  I didn't think I needed to keep notes of everything and where I bought it.  I didn't expect all of this.  So I don't really know for sure."  Plaintiff also contends that contradictory testimony from other witnesses only confirms that issues of credibility preclude summary judgment.

Genuine issues of material fact preclude summary judgment on the question of coverage.  Even where the Court will also be the trier of fact, summary judgment is inappropriate when it would necessitate "inferences involv[ing] issues of witness credibility or disputed material facts."  *In re Placid Oil Co.*, 932 F.2d at 398.  Plaintiff testified under oath that his personal property claim was based on his best recollection.  Thus, Plaintiff's credibility will be a crucial issue.  Whether Plaintiff possessed the requisite intent to defraud Allstate in making any misrepresentations, and whether Plaintiff's account of his statements is plausible, is a question of fact that cannot be determined outside the context of live testimony at trial.

**C.     Bad Faith Penalties**

Allstate also moves for summary judgment with respect to Plaintiff's claims for penalties under La. R.S. §§ 22:1892(A)(1) and 22:1973(A). Under Section 22:1892(A)(1), an insurer in Louisiana has the duty to "pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured . . . ."  A failure to pay that is "arbitrary, capricious, or without probable cause" renders an insurer liable for the resulting damages and for a statutory penalty, attorney's fees, and costs.  *Id.* § 22:1892(B)(1).  In a case where the loss results from fire, the aforementioned 30-day period does not begin to run until there is a "certification of the investigating authority that there is no evidence of arson or that there is insufficient evidence to warrant further proceedings." *Id.* § 22:1892(B)(2).

Under Section 22:1973(A), insurers in Louisiana owe the insured "a duty of good faith and fair dealing." *Id.* § 22:1973(A).  An insurer breaches this duty if it fails to "pay the amount of any claim due [the insured] within sixty days after receipt of satisfactory proof of loss . . . when such failure is arbitrary, capricious, or without probable cause." *Id.* § 22:1973(B)(5).  Such an insurer is liable for "any damages sustained as a result of the breach," *id.* § 22:1973(A), and may be liable for a penalty of up to twice the damages sustained, *id.* § 22:1973(C).

The Louisiana Supreme Court has recognized that the duty to pay under these two separate provisions is "virtually identical."  *Calogero v. Safeway Ins. Co. of La.*, 99-1625, p.6-7 (La. 1/19/00);753 So.2d 170, 174.  Thus, to obtain the penalties and damages under either provision, an insured must demonstrate that "(1) an insurer has received satisfactory proof of loss, (2) the insurer fails to tender payment within [30 or 60 days] of receipt thereof, and (3) the insurer's failure to pay is arbitrary, capricious or without probable cause." *La. Bag. Co., Inc. v.*

*Audubon Indem. Co.*, 2008-0453, p. 11-12 (La. 12/2/08); 999 So.2d 1104, 1112-1113. The Louisiana Supreme Court has held that "arbitrary, capricious, or without probable cause" is synonymous with "vexatious." *Id.* at 14; 999 So. 2d at 1114. These statutes "are not intended ... to prevent insurers from disputing claims in good faith, including litigating such disputes." *Dickerson v. Lexington Ins. Co.*, 556 F.3d 290, 299 (5th Cir. 2009) (citation omitted). "An insurer does not act arbitrarily and capriciously ... when it withholds payment based on a genuine (good faith) dispute about the amount of a loss or the applicability of coverage." *Id.* at 297-98 (citation omitted).

    As set forth above, there are genuine issues of material fact regarding whether Plaintiff had the requisite fraudulent intent in making any alleged misrepresentations in connection with his personal property claim that would trigger the Concealment or Fraud clause and relieve Allstate of the obligation to pay the claim. However, those same genuine issues of material fact evince a genuine, good-faith dispute about coverage and the applicability of the Concealment or Fraud clause. The undisputed facts show that Allstate paid Plaintiff the policy limits for structural damage coverage and debris removal coverage. The undisputed facts show that Allstate did not deny Plaintiff's personal property claim until it had evidence reasonably supporting its conclusion that Plaintiff made material misrepresentations with the intent to deceive. Whether or not Allstate's denial of the personal property claim is found to be correct or incorrect at trial, it had a good faith basis to deny the claim. Accordingly, no reasonable finder of fact could conclude that Allstate's denial of Plaintiff's personal property claim under these circumstances was vexatious, arbitrary, capricious, or without probable cause. Allstate's motion for summary judgment with respect to bad faith penalties is GRANTED.

**III.     Conclusion**

For the reasons set forth above, Defendant Allstate's Motion for Summary Judgment is GRANTED in part and DENIED in part.

New Orleans, Louisiana, this 14th day of October,  2010.

_____
UNITED STATES DISTRICT JUDGE